69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro R. GARCIA, Defendant-Appellant.
 No. 94-3432.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1995.
 
 Before EBEL, LOGAN and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant Pedro R. Garcia entered a conditional guilty plea to possession of marijuana with intent to distribute, in violation of 21 U.S.C. 841(a)(1), and using or carrying a firearm in relation to drug trafficking, in violation of 18 U.S.C. 924(c). He reserved the right to appeal the district court's denial of his motion to suppress evidence and statements he made to law enforcement officers.
 
 
 2
 On appeal defendant contends that the law enforcement officers (1) lacked reasonable suspicion for the initial stop, (2) failed to obtain valid consent from defendant's spouse to search their residence, and (3) obtained incriminating statements from defendant in violation of his rights under the Sixth Amendment and Miranda v. Arizona, 384 U.S. 436 (1966). The parties are familiar with the facts, which appear in the district court's memorandum and order reported as United States v. Garcia, 861 F.Supp. 996 (D.Kan.1994); we will not repeat them here. When reviewing the denial of a motion to suppress evidence, we accept the findings of fact unless clearly erroneous, but review de novo the ultimate issue of reasonableness. United States v. Madrid, 30 F.3d 1269, 1275 (10th Cir.), cert. denied, 115 S.Ct. 527 (1994).
 
 
 3
 We have reviewed the briefs and the record and are satisfied that the district court's opinion denying suppression accurately summarized the facts and correctly applied the law. Defendant's initial detention occurred after he drove onto the premises of a just-arrested suspected drug dealer where officers were stationed awaiting a search warrant. We are satisfied this was within the bounds permitted by Terry v. Ohio, 392 U.S. 1 (1968). The record establishes that the officers obtained valid consent from defendant's wife to search their residence. See United States v. Matlock, 415 U.S. 164 (1974). Finally, when the officers questioned defendant at his home approximately a week later, he was not in custody and no criminal charges were pending against him. To the extent the district court's findings are based upon assessments of witness credibility, those determinations are not clearly erroneous. United States v. Pappas, 735 F.2d 1232, 1233 (10th Cir.1984).
 
 
 4
 We AFFIRM for substantially the reasons stated in the district court memorandum and order.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470